**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW J. OKULSKI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 2:20-cv-01328-WB |
| | : | |
| CARVANA, LLC, PAUL BREAUX, and KATELYN GREGORY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' MEMORANDUM OF LAW
<u>IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................. 2

LEGAL ARGUMENT............................................................................................................... 4

    I.    The Motion Should Be Denied Because Plaintiff Has Conceded That Ms. Gregory Is Not a Pennsylvania Citizen, Rendering the Motion Moot................... 4

    II.    Carvana Is Not a Pennsylvania Citizen................................................................. 4

CONCLUSION......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Americold Realty Tr. v. Conagra Foods, Inc.,
  136 S. Ct. 1012 (2016)........................................................................................7

Bank of N.Y. as Trustee v. Fazio,
  No. CV 19-3907, 2019 WL 4220897 (E.D. Pa. Sept. 5, 2019) .............................7

D.B. Zwirn Special Opportunities Fund LP v. Mehrotra,
  661 F.3d 124 (1st Cir. 2011) ...............................................................................7

Johnson v. SmithKline Beecham Corp.,
  724 F.3d 337 (3d Cir. 2013).................................................................................4

Lincoln Ben. Life Co. v. AEI Life, LLC,
  800 F.3d 99 (3d Cir. 2015)...............................................................................5, 6

Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.,
  663 F.3d 1304 (11th Cir. 2011) ...........................................................................7

McCann v. Newman Irrevocable Tr.,
  458 F.3d 281 (3d Cir. 2006).................................................................................4

Platypus Holdings, LLC v. Russell,
  No. CIV.A. 14-5127, 2014 WL 5152559 (E.D. Pa. Oct. 14, 2014).......................4

Popov v. Portage Wolf LLC,
  No. 2:18 CV 235, 2018 WL 5276504 (N.D. Ind. Oct. 24, 2018) ..........................5

Rogers v. Smith Volkswagen, LTD,
  No. CV 19-2567, 2020 WL 1676400 (E.D. Pa. Apr. 6, 2020) ..............................6

Schrenk v. Carvana, LLC, et al.,
  No. 2:19-cv-01302-TLN-CKD (E.D. Cal.).......................................................2, 6

Shuker v. Smith & Nephew, PLC,
  885 F.3d 760 (3d Cir. 2018).................................................................................7

Thermoset Corp. v. Bldg. Materials Corp. of Am.,
  849 F.3d 1313 (11th Cir. 2017) ...........................................................................7

Total Television Entm't Corp. v. Chestnut Hill Vill. Assocs.,
  No. CIV. A. 91-4285, 1992 WL 70395 (E.D. Pa. Mar. 31, 1992)..........................5

United States v. Martin,
    454 F. Supp. 2d 278 (E.D. Pa. 2006) ...................................................................6

Zambelli Fireworks Mfg. Co. v. Wood,
    592 F.3d 412 (3d Cir. 2010)..............................................................................4

**Statutes**

28 U.S.C. § 1332(a) ...........................................................................................2

**Other Authorities**

Fed. R. Civ. P. 7(b)(1)(B)-(C)...........................................................................4

Fed. R. Civ. P. 26(b)(1)......................................................................................8

Defendants Carvana, LLC ("Carvana"), Paul Breaux,[1] and Katelyn Gregory ("Gregory") (collectively, "Defendants"), through their undersigned counsel, submit this Memorandum of Law in Opposition to Plaintiff Andrew J. Okulski's ("Plaintiff") Motion for Remand (the "Motion"). For the reasons stated herein, as well as those discussed at the Rule 16 conference, Plaintiff's Motion should be denied.

## PRELIMINARY STATEMENT

For whatever reason, Plaintiff desperately wants to avoid pursuing his claim in federal court. The case was initially filed in the Philadelphia County Court of Common Pleas. And, as Plaintiff's Motion makes clear, he originally sought remand on the grounds that Gregory, an improperly named individual defendant, was a Pennsylvania citizen. As Carvana told Plaintiff before he filed this Motion, Ms. Gregory was a Texas citizen at the time the Complaint was filed and at the time of removal. Not surprisingly, Plaintiff has now shape-shifted, conjuring a new basis on which to evade this Court's jurisdiction: to challenge—without any basis whatsoever—Carvana's citizenship.

Of course, Carvana has already provided to this Court (and Plaintiff) a sworn declaration establishing that none of its members are Pennsylvania citizens. Here, Plaintiff takes the bizarre position that even though Carvana has already identified *where* each of its members—and members of members—are, it now must also disclose *who* those members of members are. Plaintiff sets forth no precedent from this Circuit or District requiring such an invasive disclosure to establish diversity jurisdiction. A declaration affirmatively identifying the citizenship of limited liability company ("LLC") members has been accepted by courts around the country (including recently in the Eastern District of California, which accepted a nearly identical declaration to

---

[1] Mr. Breaux reserves all rights and does not waive personal jurisdiction by joining this Opposition to confirm that this Court has subject matter jurisdiction.

support removal by Carvana) and meets the burden of establishing diversity by a preponderance of the evidence. Particularly given the size of the claims, such a fishing expedition invoking over 60 LLC members at constituent member levels would be disproportional to the needs of the case and unduly burdensome, and must be denied. Put simply, despite Plaintiff's whack-a-mole approach to his Motion, the parties are completely diverse and the amount in controversy exceeds $75,000.00.   Accordingly, this Court has subject matter jurisdiction over these claims, and Plaintiff's Motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about February 13, 2020, Plaintiff filed this action in the Philadelphia County Court of Common Pleas. (See Mot. ¶ 1.) Plaintiff's claims arise out of the July 16, 2019 purchase and financing of a used Nissan Versa from Carvana for $16,013.35. (See Am. Compl. (Dkt. No. 13) ¶ 10 & Ex. 2 (Retail Purchase Agreement).)

On March 6, 2020, Defendants filed a Notice of Removal based on diversity jurisdiction under 28 U.S.C. § 1332(a). (See Dkt. No. 1.) In support of the Notice of Removal, Defendants filed a Declaration of Christopher Olson, Esquire, Carvana's Associate General Counsel (the "Olson Declaration"). (See id.)  Consistent with Carvana's removal papers recently accepted by the Eastern District of California (see, e.g., Schrenk v. Carvana, LLC, et al., No. 2:19-cv-01302-TLN-CKD (E.D. Cal.)), the Olson Declaration affirmatively identifies Carvana's members and their citizenship at every level, including the citizenship of the members of each member-LLC—both at the time the Complaint was filed and again at the time the Notice of Removal was filed.

Specifically, the Olson Declaration identifies Carvana's members as: (1) Carvana Group, LLC and (2) Carvana Co. Sub, LLC. (See Olson Decl. ¶ 2.) The Olson Declaration then identifies the members of Carvana Group, LLC as Carvana Co. Sub, LLC and a group of individuals consisting of early employees and certain investors (the "LLC Unit-Holders"). (See ¶ 3.)   The

2

Olson Declaration affirmatively identifies the citizenship of the LLC Unit-Holders as citizens of Arizona, California, Colorado, Connecticut, Georgia, Illinois, New Jersey, Ohio, Texas, and West Virginia—but not Pennsylvania. (See id. ¶ 4.)  The Olson Declaration also identifies Carvana Co. Sub, LLC as being wholly owned by Carvana Co., which is incorporated in Delaware and has its principal place of business in Arizona. (Id. ¶ 5.) Accordingly, the Notice of Removal identifies Carvana Co. Sub, LLC as a citizen of both Delaware and Arizona. (See Notice of Removal ¶ 14.)

On April 7, 2020, Plaintiff filed the instant Motion, which almost exclusively focuses on Ms. Gregory's citizenship. (See id. ¶¶ 6-16, 23-27.)   Indeed, during the parties' Rule 16 conference, there was a lengthy colloquy concerning Ms. Gregory's citizenship, and the Court directed "limited discovery on the issue of remand." (Dkt. No. 8.)[2]  Toward that end, and consistent with the Rule 16 conference, the parties met and conferred as to Ms. Gregory.  Following the Rule 16 conference, and in an effort to avoid protracted motion practice so that this case could get underway, Defendants provided the relevant legal authority.  Plaintiff, however, insisted on a declaration from Gregory confirming her Texas citizenship.  In accordance with the Court's order to engage in "limited discovery," and in an effort to resolve the Motion, Defendants produced a declaration from Gregory dated April 25, 2020, in which she attested to her Texas citizenship.

On April 27, 2020, Plaintiff's counsel "concede[d] Gregory's diversity," which was confirmed the next day in a letter submission to the Court stating, "Plaintiff has agreed to withdrawal [sic] his challenged [sic] to her diversity." (April 29, 2020 Letter Brief from Mr. Bensley to the Court (the "April 29 Letter").)  Plaintiff, however, now demands more information about Carvana's citizenship. Plaintiff challenges Carvana's citizenship not based on any actual

---

[2] Defendants' understanding from this exchange during the Rule 16 conference, coupled with the arguments raised in Plaintiff's actual Motion for Remand, was that discovery would be limited to Ms. Gregory, and that Carvana's citizenship was not seriously being challenged.

reason, legal argument, or evidence, but rather because Plaintiff's counsel himself has unilaterally deemed it an "open question" since Carvana has not identified each of member of its members by name. (Mot. ¶¶ 17, 19.)

## LEGAL ARGUMENT

**I.     The Motion Should Be Denied Because Plaintiff Has Conceded
       That Ms. Gregory Is Not a Pennsylvania Citizen, Rendering the Motion Moot.**

Plaintiff's Motion and supporting brief primarily attack Ms. Gregory's citizenship.  (See Mot. ¶¶ 5-16, 25-27; see also Pl.'s Br.)  Tellingly, Plaintiff provides neither a case nor any other authority addressing the standards for establishing an LLC's citizenship for purposes of discovery. While the Motion passively mentions that Carvana's diversity is an "open question," it does not articulate "with particularity" a request for remand based on lack of diversity against Carvana. See Fed. R. Civ. P. 7(b)(1)(B)-(C).  Because Plaintiff now concedes that Ms. Gregory is not a Pennsylvania citizen, the underlying basis upon which the Motion was based is now eliminated.

**II.    Carvana Is Not a Pennsylvania Citizen.**

While "[t]he party asserting diversity jurisdiction bears the burden of proof," a party "meets this burden by proving diversity of citizenship by a preponderance of the evidence." McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006). Diversity is required to exist both at the time the complaint was filed and at the time of the notice of removal.  See Platypus Holdings, LLC v. Russell, No. CIV.A. 14-5127, 2014 WL 5152559, at *1 (E.D. Pa. Oct. 14, 2014) (quoting Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013)).

The "citizenship of an LLC is determined by the citizenship of each of its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). The relevant inquiry, therefore, is the *citizenship* of the members—not the names or specific addresses of members who are natural persons, or any other information.  See Lincoln Ben. Life Co. v. AEI Life, LLC, 800

F.3d 99, 108 n.36 (3d Cir. 2015) (explaining that where an unincorporated association like an LLC "is the proponent of diversity jurisdiction, there is no reason to excuse it of its obligation to plead the ***citizenship*** of each of its members" (emphasis added)).

An affidavit or declaration affirmatively stating the domicile of each member of an LLC is sufficient to meet the burden of establishing citizenship for purposes of diversity. See Total Television Entm't Corp. v. Chestnut Hill Vill. Assocs., No. CIV. A. 91-4285, 1992 WL 70395, at *1 (E.D. Pa. Mar. 31, 1992) (affidavit identifying domicile sufficient to establish diversity); Popov v. Portage Wolf LLC, No. 2:18 CV 235, 2018 WL 5276504, at *2 (N.D. Ind. Oct. 24, 2018) (finding that complete diversity existed where "*defendants provide[d] an affidavit which lists the citizenship of each of their members*").

Through the Olson Declaration, Carvana affirmatively pleaded, and supported with a sworn statement under penalty of perjury, the:

(i)     identity and citizenship of each of the members of Carvana, LLC (Carvana Group, LLC and Carvana Co. Sub, LLC);

(ii)    corporate structure of Carvana, LLC's member-LLCs, including the ownership, several layers deep, of Carvana Co. Sub, LLC (which is ultimately owned by a Delaware corporation); and

(iii)   citizenship of the individual members of Carvana Group, LLC, whose citizenship spans Arizona, California, Colorado, Connecticut, Georgia, Illinois, New Jersey, Ohio, Texas, and West Virginia—but not Pennsylvania—during the relevant time periods.

(See Dkt. No. 1, Notice of Removal ¶¶ 10-14, 16; Olson Decl. ¶¶ 2-5.)

The Olson Declaration affirmatively identifies the domicile of each individual member, traced through every level of membership, at the time of the filing of the Complaint and at the time of removal. (Dkt. No. 1, Olson Declaration ¶¶ 2-6.)

Notably, Carvana submitted a similar declaration identifying the states in which its members are citizens (without listing the names and addresses of individual LLC members) in its removal application to the Eastern District of California in Schrenk v. Carvana, LLC, et al., No. 2:19-cv-01302-TLN-CKD (E.D. Cal.).  Indeed, that district court accepted Carvana's declaration as a basis to confer diversity jurisdiction in that case. (See id. Dkt. Nos. 1-2.)  This Court should do the same.

Plaintiff's April 29 Letter is misplaced.  Indeed, it appears that Plaintiff attempts to amend the Motion through submission of new legal authority and new legal arguments.  Of course, this is improper.  It is bedrock law that a party cannot raise new arguments in reply, and these arguments should be disregarded.  See Rogers v. Smith Volkswagen, LTD, No. CV 19-2567, 2020 WL 1676400, at *8 (E.D. Pa. Apr. 6, 2020); see also United States v. Martin, 454 F. Supp. 2d 278, 281 n.3 (E.D. Pa. 2006) ("A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues."). Without conceding the waiver arguments, Defendants will address these arguments here to comply with the spirit of the Court's April 30, 2020 email directive.

The April 29 Letter fails to cite a single authority for the proposition that the "*the only way for an LLC diversity proponent to satisfy its burden is to specifically identify each member and their corresponding citizenship address*."  The relevant inquiry is the **citizenship** of the members—not the names or specific addresses of individual members of member-LLCs. See Lincoln Ben., 800 F.3d at 108 n.36 (explaining an LLC's "obligation to plead the **citizenship** of each of its

members" (emphasis added)); cf. Bank of N.Y. as Trustee v. Fazio, No. CV 19-3907, 2019 WL

4220897, at *2 (E.D. Pa. Sept. 5, 2019) (remanding action where "[n]either the complaint nor the

notice of removal adequately aver[red] the *citizenship* of any party" (emphasis added)).[3]

Plaintiff's Complaint is itself silent (even on information and belief) as to any of the members of

Carvana, and Plaintiff presses the issue now only based on the fortuitous fact that Carvana has

members that are themselves LLCs as affirmatively disclosed.[4]

At bottom, Defendants have established diversity, and Plaintiff's Motion should be denied.

As the Third Circuit has warned, "*jurisdictional discovery 'is not a license for the parties*

*to engage in a fishing expedition' and . . . 'the District Court should take care to circumscribe the*

*scope of discovery . . . to only the factual questions necessary to determine its jurisdiction*.'"

Shuker v. Smith & Nephew, PLC, 885 F.3d 760, 781 n.20 (3d Cir. 2018) (citations omitted)

(explaining that the principle of proportionality applies to jurisdictional discovery and concluding

that "the [plaintiffs] may obtain only jurisdictional discovery 'regarding . . . nonprivileged matter

that is relevant . . . and proportional to the needs of the case'"). As with all discovery, the Court

---

[3] Plaintiff's April 29 Letter miscites various cases for the proposition that LLC members must specifically be identified. Those cases did not hold that at all.  Rather, those cases confirmed the "citizenship" standard. See Americold Realty Tr. v. Conagra Foods, Inc., 136 S. Ct. 1012, 1015 (2016) (affirming, without discussion of identifying individuals, Tenth Circuit's ruling that because there was "no record of the citizenship of Americold's shareholders, . . . the parties failed to demonstrate that the plaintiffs were 'citizens of different States' than the defendants"); Thermoset Corp. v. Bldg. Materials Corp. of Am., 849 F.3d 1313, 1316 (11th Cir. 2017) (stating that, unlike here, "*the pleadings were required (but failed) to provide the citizenship of each member*," without mentioning member identification (emphasis added)); Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011) (allegation as to principal places of business in Georgia was insufficient to establish diversity in absence of any allegations as to citizenship of members, without discussing identity of members; explaining that "[t]o sufficiently allege the citizenships of these unincorporated business entities, a party must *list the citizenships* of all the members of the limited liability company" (emphasis added)). As for Plaintiff's citation to D.B. Zwirn Special Opportunities Fund LP v. Mehrotra, 661 F.3d 124 (1st Cir. 2011), the issue in that case was the defendant's failure to properly plead the citizenship of the defendant-LLC in his removal papers—an issue which had to be rectified on appeal.

[4] In a stretch to manufacture a nexus, any nexus, to Pennsylvania, the April 29 Letter makes the unremarkable observation that the states of which Carvana is a citizen "overlap" with the locations of Carvana's operations. Carvana is a national online dealer operating in all of the lower 48 states across the country, so membership domicile will necessarily "overlap" with Carvana operations, revealing nothing about the need for discovery here.

should weigh the proportional needs of the case to the discovery requested, assessing issues like the amount in controversy and the "*importance of the discovery in resolving the issues*."  Fed. R. Civ. P. 26(b)(1). (emphasis added).

During the meet and confer process, Plaintiff's counsel explained that even if the unnecessary additional names and addresses were disclosed, such information would only trigger yet further open-ended additional investigations of the membership.  Defendants were already forced to produce a second declaration for Gregory.  To the extent Plaintiff intends to go through that same process with the 60+ individual LLC members, that would certainly be burdensome.  Especially given the small amount in controversy ($125,000 based on Plaintiff's exorbitant demands and pleadings, while Plaintiff's total out-of-pocket costs to date are less than $4,000), allowing invasive discovery is simply unwarranted.

Plaintiff offers no reason why the Olson Declaration, a sworn statement by Carvana's Associate General Counsel, is insufficient or untrustworthy.  It is Defendants' position that the Court has ample information to make a decision with respect to whether it has subject matter jurisdiction at this time.

## CONCLUSION

Based on the foregoing, Defendants have established that the parties are diverse; therefore, Plaintiff's Motion should be denied.

Respectfully submitted,

Dated:  May 14, 2020

**BLANK ROME LLP**

*/s/ Michael A. Iannucci*
Michael A. Iannucci (I.D. No. 206169)
Samuel M. Ventresca (I.D. No. 326067)
One Logan Square
Philadelphia, PA 19103
Tel.:  (215) 569-5500

8

Fax:  (215) 569-5555
E-mail:  Iannucci@BlankRome.com
          SVentresca@BlankRome.com

*Attorneys for Defendants Carvana, LLC,*
*Paul Breaux, and Katelyn Gregory*

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW J. OKULSKI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   No. 2:20-cv-01328-WB |
| | : |
| CARVANA, LLC, PAUL BREAUX, and KATELYN GREGORY, | : |
| | : |
| Defendants. | : |
| | : |

## <u>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND</u>

Defendants Carvana, LLC ("Carvana"), Paul Breaux, and Katelyn Gregory (collectively, "Defendants"), by and through their undersigned counsel, hereby oppose Plaintiff Andrew J. Okulski's ("Plaintiff") Motion for Remand (the "Motion"), and aver as follows:

1.       Denied. To the contrary, and as set forth in Defendants' Memorandum of Law filed herewith and which is incorporated by reference, there is complete diversity because each Defendant is a citizen of a different state than Plaintiff, and the Motion is moot in light of the fact that Plaintiff has conceded Ms. Gregory's Texas citizenship. To the extent not moot, the allegations of this paragraph are denied.

2.       Admitted.

3.       Denied. This paragraph contains a conclusion of law to which no response is required. By way of further response, Defendants deny that there was any "individual and collective fraudulent misrepresentation."

4.       Admitted.

5.      Denied. Defendants deny this paragraph because it contains a conclusion of law to which no response is required.

6.      Denied. Defendants deny this paragraph because it contains a conclusion of law to which no response is required.

7.      Denied. Defendants deny this paragraph because it contains a conclusion of law to which no response is required. By way of further response, Defendants incorporate their response to Paragraph 1 as if fully set forth herein.

8.      Denied. Defendants deny this paragraph because it contains a conclusion of law to which no response is required.

9.      Denied. This paragraph contains a conclusion of law to which no response is required. By way of further response, Defendants deny that Ms. Gregory was the "salesperson involved" in the sale of Plaintiff's vehicle and deny that there was a "fraudulent presentation and sale" of Plaintiff's vehicle.

10.     Denied as stated. Ms. Gregory merely assisted Plaintiff with picking up his vehicle from Carvana's location in Philadelphia. Moreover, the phrase "[a]t all times relevant" is ambiguous.

11.     Denied as moot. By way of further response, Defendants incorporate their response to Paragraph 1 as if fully set forth herein.

12.     Denied as moot. By way of further response, Defendants incorporate their response to Paragraph 1 as if fully set forth herein.

13.     Denied as moot. By way of further response, Defendants incorporate their response to Paragraph 1 as if fully set forth herein.

2

14.     Denied as moot. By way of further response, Defendants incorporate their response to Paragraph 1 as if fully set forth herein.

15.     Denied as moot. By way of further response, Defendants incorporate their response to Paragraph 1 as if fully set forth herein.

16.     Denied as moot. By way of further response, Defendants incorporate their response to Paragraph 1 as if fully set forth herein.

17.     Denied. When Defendants filed the Notice of Removal, they filed a Declaration of Christopher Olson, Carvana's Associate General Counsel, in support thereof (the "Olson Declaration"). (*See* Dkt. No. 1) The Olson Declaration affirmatively identifies the citizenship of Carvana by setting forth the citizenship of each of Carvana's members at every level, including the citizenship of each member-limited liability company's ("LLC") member. The Olson Declaration identifies Carvana's members as Carvana Group, LLC and Carvana Co. Sub, LLC, and, in turn, identifies the members of Carvana Group, LLC as Carvana Co. Sub, LLC and a group of individuals consisting of early employees and certain investors (the "LLC Unit-Holders"). (*See* Olson Decl. ¶¶ 2-3.) The Olson Declaration goes on to affirmatively identify the LLC Unit-Holders as citizens of Arizona, California, Colorado, Connecticut, Georgia, Illinois, New Jersey, Ohio, Texas, and West Virginia—but not Pennsylvania. (*See id.* ¶ 4.) The Olson Declaration then proceeds to identify Carvana Co. Sub, LLC as being wholly owned by Carvana Co., which itself is a citizen of Delaware (state of incorporation) and Arizona (location of principal place of business). (*See id.* ¶ 5.) By way of further response, Defendants incorporate the Memorandum of Law filed in support hereof.

18.     Denied. Defendants deny this paragraph because it contains a conclusion of law to which no response is required.

3

19.    Denied. Defendants deny Plaintiff's characterization of the Olson Declaration as being incomplete, "oblique," or "notable." The Olson Declaration is a sworn statement by Carvana's Associate General Counsel affirmatively identifying the citizenship of Carvana, LLC at every layer. By way of further response, Defendants incorporate the Memorandum of Law filed in support hereof.

20.    Denied. Defendants deny this paragraph because it contains a conclusion of law to which no response is required. Moreover, Defendants deny this paragraph to the extent it asserts that Defendants have not met their burden of establishing diversity jurisdiction.

21.    Denied. Defendants deny this paragraph because it contains a conclusion of law to which no response is required.

22.    Denied. Defendants deny this paragraph because it contains a conclusion of law to which no response is required.

23.    Denied. Defendants deny this paragraph because it contains a conclusion of law to which no response is required.

24.    Denied. Defendants deny this paragraph because it contains a conclusion of law to which no response is required.

25.    Denied. Defendants deny this paragraph because it contains a conclusion of law to which no response is required. By way of further response, Defendants deny that Ms. Gregory is a citizen of Pennsylvania as that issue is now moot. Defendants incorporate their response to Paragraph 1 as if fully set forth herein.

26.    Denied as moot. By way of further response, Defendants incorporate their response to Paragraph 1 as if fully set forth herein.

27.     Denied. By way of further response, Defendants deny that Ms. Gregory is a citizen of Pennsylvania as that issue is now moot. Defendants also deny that Plaintiff's request would have served the interests of "economy and justice" as it sought legally irrelevant information not limited to the relevant jurisdictional time period based on Plaintiff's misunderstanding of the law. Defendants incorporate their response to Paragraph 1 as if fully set forth herein.

28.     Denied. Defendants deny this paragraph because it contains a conclusion of law to which no response is required.

29.     Denied. Defendants deny this paragraph because it contains a conclusion of law to which no response is required.

30.     Denied. Defendants deny this paragraph to the extent it asserts that Ms. Gregory is a citizen of Pennsylvania as that issue is now moot. By way of further response, Defendants incorporate their response to Paragraph 1 as if fully set forth herein. Defendants further deny that they have not satisfied their burden of establishing the diversity of Carvana, LLC, and incorporate their response to Paragraph 17 as if fully set forth herein.

31.     Denied. Defendants deny this paragraph because it contains a conclusion of law to which no response is required.

32.     Denied. Defendants deny this paragraph because it contains a conclusion of law to which no response is required. By way of further response, there is diversity jurisdiction. Therefore, this matter should not be remanded.

33.     Denied. Plaintiff's Memorandum of Law is a writing that speaks for itself.

34.     Denied. Defendants deny that federal jurisdiction is lacking. To the contrary, there is complete diversity of citizenship. Therefore, the Court should deny Plaintiff's request to remand this action to the Philadelphia County Court of Common Pleas.

Respectfully submitted,

Dated:  May 14, 2020                                    **BLANK ROME LLP**

*/s/ Michael A. Iannucci*
Michael A. Iannucci (I.D. No. 206169)
Samuel M. Ventresca (I.D. No. 326067)
One Logan Square
Philadelphia, PA 19103
Tel.:  (215) 569-5500
Fax:  (215) 569-5555
E-mail:  Iannucci@BlankRome.com
          SVentresca@BlankRome.com

*Attorneys for Defendants Carvana, LLC,*
*Paul Breaux, and Katelyn Gregory*

## <u>CERTIFICATE OF SERVICE</u>

I, Samuel M. Ventresca, Esquire, hereby certify that on May 14, 2020, I caused a true and correct copy of Defendants Carvana, LLC, Paul Breaux, and Katelyn Gregory's Opposition to Plaintiff's Motion for Remand, and Memorandum of Law in Support thereof, to be served via the Court's electronic filing system upon the following:

William C. Bensley
BENSLEY LAW OFFICES, LLC
1500 Walnut Street, Suite 900
Philadelphia, PA 19106
wcbensley@bensleylawoffices.com

*Attorney for Plaintiff Andrew J. Okulski*

*/s/ Samuel M. Ventresca*
Samuel M. Ventresca