UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW J. OKULSKI,<br><br>                      Plaintiff,<br><br>       v.<br><br>CARVANA, LLC, PAUL BREAUX, AND KATELYN GREGORY,<br><br>                     Defendants. | Civil Action<br>No. 2:20-cv-01328-WB |

**DECLARATION OF PAUL BREAUX**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

I, PAUL BREAUX, declare pursuant to 28 U.S.C. § 1746 as follows:

1.     I am the General Counsel and Vice President of Carvana, LLC, and Carvana Group, LLC. I also serve as the Vice President, General Counsel, and Secretary of Carvana Co.

2.     I make this declaration based on my personal knowledge, formed from my personal experience and my position as an officer and employee of Carvana.

3.     Carvana Co. is a publicly traded company. Carvana, LLC has over 8,000 employees. In 2019, Carvana, LLC sold over 175,000 used vehicles throughout the United States.

4.     Since 2015, I have permanently resided in Arizona. From 2015 to early 2019, I resided in Scottsdale, Arizona. In early 2019, prior to the transaction at issue in this litigation, I purchased a home in Phoenix, Arizona, where I permanently reside. I understand this lawsuit was initially commenced in February 2020 and that Plaintiff Andrew J. Okulski ("Plaintiff") alleges he purchased a 2017 Nissan Versa (the "Vehicle") in July 2019 from Carvana, LLC.

5.     During all times since (and including) the filing of this lawsuit and the purchase of the Vehicle, I have lived in my primary residence located in Arizona with my family.

6. I have never lived in Pennsylvania or owned real estate in Pennsylvania.

7. I was not served with this lawsuit in Pennsylvania and to my knowledge no service was attempted on me in Pennsylvania in this case.

8. During all times since the initial filing of this suit, I have worked out of Carvana, LLC's headquarters, located at 1930 W. Rio Salado Pkwy., Tempe, Arizona 85281.

9. I am not involved in the execution of day-to-day vehicle sales activities or sales communications, customer interactions, or the inspection of individual vehicles.

10. I have never communicated with Plaintiff through any medium (oral, written, email, text message, etc.) in connection with the purchase of the Vehicle from Carvana, LLC, nor have I ever communicated with him in any way for any other reason.

11. I was not involved with the purchase, inspection, repair, sale, advertising, or promotion of this specific Vehicle to Plaintiff or anyone else.

12. I was not involved in the transport or pickup arrangement for the Vehicle.

13. As of July 16, 2019, I had no personal knowledge that this Vehicle would be shipped to Pennsylvania for pickup by Plaintiff.

14. As a company, Carvana, LLC requires certain transaction documentation to be signed by Carvana, LLC only through duly authorized agents. With respect to purchase and financing agreements for the sale of vehicles, those authorized agents are typically senior-level personnel, including myself (for example, with respect to Carvana, LLC's sale of the Vehicle), who execute such documents solely on behalf of Carvana, LLC.

15. I did not intend to, and did not in fact, execute any purchase agreement, financing agreement, odometer statement, or any other document related to Carvana, LLC's sale of the Vehicle in a personal capacity. Instead, in accordance with Carvana, LLC's regular business

practices, these documents were executed only on behalf of Carvana, LLC, the seller of the Vehicle to Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Phoenix, Arizona on this 22nd day of May, 2020.

                                                     PAUL BREAUX