IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW OKULSKI,<br>    Plaintiff, | CIVIL ACTION |
| v. | |
| CARVANA, LLC, PAUL BREAUX, AND<br>KATELYN GREGORY,<br>    Defendants. | NO. 20-1328 |

## MEMORANDUM OPINION

Plaintiff Andrew Okulski sued his car dealer, Carvana, LLC ("Carvana"), and two of Carvana's employees (collectively, "Defendants") in the Philadelphia Court of Common Pleas for damages arising from alleged misrepresentation and fraud concerning a car sale. Defendants filed a notice of removal to this Court, and Plaintiff filed a motion to remand based on a lack of diversity.

## I.   FACTUAL BACKGROUND

Okulski, a Pennsylvania resident, purchased a used car from Defendant Carvana after spotting it on Carvana's website. Soon thereafter, the car began to malfunction. Plaintiff filed a Complaint in the Philadelphia County Court of Common Pleas setting forth a number of state law claims all premised on the theory that the malfunctions stem from defects that are inconsistent with Carvana's advertising and other documents Carvana produced during the purchase transaction. Defendants removed the case to this Court under 28 U.S.C. §1441(a) on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1332, a district court has jurisdiction over state claims if there is diversity between the parties and the amount in controversy exceeds $75,000. To satisfy the first

requirement, there must be complete diversity between the parties at the time of the complaint filing and removal, so no defendant can be a citizen of the same state as a plaintiff. *See Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 553 (2005).  The removing defendant has the burden to show, by a preponderance of evidence, that the requirements for diversity jurisdiction are met. *See McNutt v. Gen. Motors Acceptance Corp.*, 56 S. Ct. 780, 785 (1936); *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).  Additionally, removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

### III.  DISCUSSION

Okulski argues that the case must be remanded because Defendants have failed to satisfy their burden to prove that complete diversity existed at the time of removal.  He argues that as a limited liability company ("LLC"), Carvana needs to specifically identify the names and addresses of every individual member to establish diversity.[1]

An LLC is a citizen in every state in which its members are citizens. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d. Cir. 2010).  In asserting diversity jurisdiction, LLC defendants must provide the citizenship of each of their individual members. *See Lincoln Ben Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.36 (3d Cir. 2015).  Here, Carvana has filed a sworn declaration[2] from its Associate General Counsel, explaining that Carvana is an

---

[1] In his Motion to Remand, Okulski also argued that Defendant Katelyn Gregory, a Carvana employee, was a citizen of Pennsylvania.  After Defendants produced a declaration from Gregory establishing her Texas citizenship, Okulski conceded that she was not a Pennsylvania citizen.

[2] In this Circuit, courts routinely look to declarations to evaluate diversity jurisdiction, including in cases where one party is an LLC.  *See, e.g.*, *Frey v. Grumbine's*, 2010 WL 3703803, at *3 (M.D. Pa. Sept. 15, 2010) (denying motion to remand); *see also RP Healthcare, Inc. v. Pfizer, Inc.*, 2017 WL 4330358, at *1 (D.N.J. Sept. 29, 2017), *aff'd*, 722 F. App'x. 132 (3d Cir. 2018); *Complete Business Solutions Grp. v. Protection Legal Grp., LLC*, 2017 WL 1319440, at *2 (E.D. Pa. Apr. 10, 2017); *Total Television Ent. Corp. v. Chestnut Hill Village Assocs.*, 1992 WL 70395, at *4 (E.D. Pa. Mar. 31, 1992).

LLC with two members: Carvana Group, LLC and Carvana Co. Sub, LLC, Olson Decl. ¶ 1, that Carvana Group, LLC is comprised of Carvana Co. Sub, LLC and a group of LLC Unit-Holders, *id.* ¶ 3, that Carvana Co. Sub, LLC is neither incorporated nor has headquarters in Pennsylvania, *id.* ¶ 5, and that the individual LLC Unit-Holders reside in "Arizona, California, Colorado, Connecticut, Georgia, Illinois, New Jersey, Ohio, Texas and West Virginia; but not Pennsylvania." *Id.* ¶ 4. Olson's affidavit does not, however, provide the Unit-Holders' names and addresses. Plaintiff argues that in failing to do so, Carvana has not met its burden to show that it was not a Pennsylvania citizen. In support of this position, Plaintiff relies heavily on *D.B. Zwirn Special Opportunities Fund, L.P., v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011), in which the First Circuit held that the defendant's affidavit was insufficient because it only "attempted to establish diversity in the negative" by stating "there were no members of the limited liability company who were citizens of Rhode Island." But here, unlike in *D.B. Zwirn*, Defendants *affirmativel*y provided the states where its members were citizens and did not merely "establish diversity in the negative." *See id*. Okulski also relies on *Americold Reality Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016), in which there was no diversity jurisdiction because "there was no record of the citizenship" of some of the entity's members. But here, the sworn declaration provides such a record. *See e.g. Skywark v. Healthbridge Mgmt., LLC*, 2015 WL 13621058, at *3 (W.D. Pa. July 22, 2015) (denying remand and holding that diversity jurisdiction was satisfied by defendant-LLC's declaration because case law "do[es] not appear to require more than allegations of citizenship, such as the names of all members . . . to prove these allegations"); *Johnson v. Value Place Franchises Servs., LLC*, 2010 WL 1633469, at *2 (S.D. Miss. Apr. 20, 2010) (accepting defendant-LLC's affidavit stating "that no single member of either of the entities is a resident or citizen of Mississippi" and denying remand because diversity

jurisdiction was satisfied).  Given that Carvana's declaration provides the states of citizenship of each of its members and affirmatively states that none of its members was a citizen of Pennsylvania at the time of the Complaint filing or removal, Defendants have met their burden for establishing complete diversity.

     For the foregoing reasons, removal is proper and Plaintiff's motion shall be denied.  An appropriate order follows.

**July 9, 2020**                                  **BY THE COURT:**

                                                          /s/Wendy Beetlestone, J.
                                                          **_____**
                                                          **WENDY BEETLESTONE, J.**